UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MOLLY REBELO<br>          Plaintiff<br><br>          v.<br><br>REDKEN 5TH AVENUE N.Y.C.<br>LLC; L'OREÁL USA S/D, INC.; and,<br>L'OREÁL USA, INC.<br>          Defendants. | )   1:21-cv-00350<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

## **PARTIES**

1.   Plaintiff Molly Rebelo is a resident of the Town of Cumberland, County of Providence, State of Rhode Island.

2.   Defendant Redken 5th Avenue N.Y.C. LLC (hereinafter "Redken") is domestic limited liability company organized under the laws of the State of New York with a principal place of business at 47 West 57th Street New York, NY 10019 United States.  Upon information and belief, Redken is not registered to do business in the State of Rhode Island.

3.   Defendant L'Oreál USA S/D, Inc. is a corporation organized or incorporated under the laws of the State of Delaware with a principal place of business at 10 Hudson Yards, New York, NY 10001 United Stated.  Upon information and belief, Defendant L'Oreál USA S/D, Inc. is not registered to do business in the State of Rhode Island.

4.   L'Oreál USA, Inc. is a corporation organized or incorporated under the laws of the State of Delaware with a principal place of business at 10 Hudson Yards, New York, NY

10001 United Stated.  Upon information and belief, Defendant L'Oreál USA Inc. is not registered to do business in the State of Rhode Island.

## JURISDICTION

5.  The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## VENUE

6.  Venue is proper as a substantial part of the events or omissions giving rise to the claim as well as the Plaintiff's medical treatment related to her claim occurred in the State of Rhode Island.

## FACTUAL ALLEGATIONS

7.  On or about August 6, 2018, Plaintiff traveled with her family to Sao Miguel, Azores, Portugal, for vacation.

8.  While in Sao Miguel, Plaintiff, along with her mother, went to 5 Av. Redken Hair Studio (hereinafter referred to as the "hair salon") to have highlights applied to her hair.

9.   The hair salon applied Redken's Flash Lift to Plaintiff's hair.

10. Redken's Flash Light is a hair product designed, produced and distributed by Redken, L'Oreál USA S/D, Inc. and L'Oreál USA, Inc. (hereinafter collectively "the L'Oreál Defendants").

11. The L'Oreál Defendants designed, produced and distributed the Redken's Flash Light that was applied to Plaintiff's hair.

12. Almost immediately after the application of Redken's Flash Lift, Plaintiff began to feel a burning sensation on her scalp.

13. The hair salon attempted remedial efforts to lessen the pain and discomfort Plaintiff was experiencing to no avail.

14. On or about August 13, 2018, following Plaintiff's return to the United States, she presented to her primary care physician for treatment of the increasing pain of her scalp as well as presence of foul-smelling discharge in her hair.

15. Plaintiff was prescribed antibiotics and cream to address her injuries.

16. On or about August 23, 2018, Plaintiff presented to the emergency room at Miriam Hospital in Providence, Rhode Island with a fever in excess of one hundred (100) degrees, a severe headache and an infected wound on her scalp.

17. Plaintiff was transferred to Rhode Island Hospital and diagnosed with an infected scalp wound and strep throat.

18. At approximately 4:30 p.m. on August 23, 2018, Plaintiff underwent surgery to irrigate and debride her scalp wound.

19. Plaintiff's treatment providers shaved a block of her hair in order to clean the infect wound and performed the surgical intervention.

20. Plaintiff was sedated for the procedure.

21. Following the surgery, Plaintiff was prescribed Tylenol and oxycodone, amoxicillian, senna and silvadene.

22. On August 24, 2020, Plaintiff was discharged from Rhode Island Hospital and scheduled for a follow-up appointment with the Pediatric Burn Clinic.

23. Plaintiff was also instructed to change her wound dressings daily.

24. Plaintiff did in fact change her wound dressings on a daily basis which caused her significant pain.

25. On August 24, 2020, Plaintiff presented to the Pediatric Burn Clinic complaining of continued severe pain levels and still had an open wound on her scalp.

26. On September 5, 2018, Plaintiff presented to Rhode Island Hospital where doctors excised and closed the burn wound on her scalp.

27. In addition, Plaintiff was prescribed Tylenol, ibuprofen and oxycodone to address her continued pain.

28. Plaintiff was ordered to apply bacitracin to her scalp three (3) times per day and to apply an ice pack to the wound in fifteen (15) minute increments to reduce her scalp inflammation.

29. As a result of L'Oreál Defendants' defective product, Plaintiff incurred substantial medical expenses for treatment rendered as a result of the serious injuries to her whole body and suffered injuries caused by Defendant's negligence, causing her substantial pain and suffering, which has continued and will continue for the remainder of her life.

WHEREFORE, Molly Rebelo, prays for judgment against Redken 5th Avenue N.Y.C. LLC, L'Oreál USA S/D, Inc. and L'Oreál USA, Inc. in an amount sufficient to satisfy the jurisdiction of this Court, plus interest and costs, and such other relief as this Court deems meet and just.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**

The Plaintiff,
Molly Rebelo,
By her Attorneys,

/s/ Rui P. Alves
Rui P. Alves | R.I. Bar No. 7262
ralves@bglaw.com
Gregory N. Hoffman | R.I. Bar No. 9053
ghoffman@bglaw.com
Barton Gilman LLP
One Financial Plaza, 18th Floor
T:  401.273.7171 | F:  401.273.2904